IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOYLE V. PETERSON and DELENE PETERSON,<br><br>                Movants,<br>v.<br><br>INSPECTOR GENERAL OF THE UNITED STATES DEPARTMENT OF STATE,<br><br>                Respondent. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-871-DB-BCW (Consolidated)<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Pursuant to 28 U.S.C. § 636(b)(1)(B) District Judge Dee Benson referred this case for consideration.[1] This case was consolidated with four other cases filed by Movants Doyle Peterson and Delene Peterson (collectively "Movants").[2] Respondent, the Inspector General of the U.S. Department of State ("IG"), issued subpoenas to Deseret First Credit Union,[3] America First Credit Union,[4] and Mountain America Credit Union,[5] seeking financial information regarding Movants and any and all related business entities "to determine if Movants conspired to defraud the Federal Government."[6] Movants oppose the subpoenas arguing the "subpoena

---

[1] Docket no. 2.

[2] Consolidated with Case Nos. 2:17cv873, 2:17cv874, 2:17cv875, and 2:17cv876.

[3] Docket no. 1 (Doyle) and 5 (Delene).

[4] Docket no. 4 (Doyle) and 7 (Delene).

[5] Docket no. 6 (Delene).

[6] Docket nos. 1-1, 4-1, 5-1, 6-1, and 7-1.

power should not be the first resort to inquire about information."[7] The Court finds Movants' arguments lack merit and recommends the Motions to Quash[8] be DENIED.

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22 (1994) ("RFPA"), "prohibits a financial institution from disclosing a customer's financial records . . . to a governmental authority 'unless either the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant.'"[9] Pursuant to RFPA '[w]ithin ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial [subpoena] . . . ."[10]

"The RFPA contains three separate bases for quashing such a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry; (2) the records sought are not relevant to the agency's inquiry; or (3) the agency has not substantially complied with the RFPA."[11] Along with a motion to quash, movants are required to submit an affidavit or sworn statement "stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter."[12] "If the Court concludes that the individual has complied with these requirements, the Court 'shall order the

---

[7] Docket no. 1, p. 2.

[8] The Motions are entitled "Motion for Order Pursuant to Customer Challenge Financial Privacy Act of 1978", but will be referred to herein as the "Motions to Quash".

[9] *Neece v. I.R.S.*, 96 F.3d 460, 462 (10th Cir. 1996) (citations omitted).

[10] 12 U.S.C. § 3410(a).

[11] *USA v. Reulet*, 2016 WL 6037684 *1 (D. Kan.) (*citing Lynch v. United States Dep't. of Hous. And Urban Dev.*, 2009 WL 4827049 *2 (D. Kan.); *see also* 12 U.S.C. § 3410).

[12] 12 U.S.C. § 3410(a).

government authority to file a sworn response.'"[13] "If a customer fails to comply with these requirements the Government does not need to file a response."[14]

In the IG's letters to Movants, it states the purpose of the subpoenas to the above-named financial institutions is to "determine if [Movants] conspired to defraud the Federal Government."[15] Movants sworn statements state the basis for their opposition as the "subpoena power should not be the first resort to inquire about information."[16] This reason does not satisfy any of the three separate bases to quash a subpoena. Movants' stated basis for opposition does not (1) question the legitimacy of the law enforcement inquiry, (2) question the relevancy of the records subpoenaed in relation to the inquiry, or (3) question whether the IG substantially complied with the RFPA. Movants merely question the general procedure for acquiring the documents—which does not satisfy the requirements under RFPA.

Therefore, Movants have failed to comply with the requirements of 12 U.S.C. § 3410, and no response from the Government is required.

Accordingly, the Court recommends that Movants' Motions to Quash be DENIED.

### NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[17] The parties must file any objection to this Report and

---

[13] *Reulet*, 2016 WL 6037684 *1 (*citing Lynch*, 2009 WL 4827049 *2; and *quoting* 12 U.S.C. §3410(b)).

[14] *Debus v. Commodities Futures Trading Com'n*, 2008 WL 868237 *2 (D. Utah) (*citing* 12 U.S.C. § 3410(b)).

[15] *See* Footnote 6.

[16] *See* Docket nos. 1, 4, 5, 6, and 7.

[17] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[18] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 15 September 2017.

Brooke C. Wells
United States Magistrate Judge

---

[18] *Id.*